GERSTEN, J.
Andre Burke (“the defendant”) appeals the denial of his petition for writ of habeas corpus based on manifest injustice. We affirm.
A jury convicted the defendant of first-degree murder. The trial court sentenced the defendant to life in state prison without the possibility of parole. This Court subsequently affirmed. Burke v. State, 718 So.2d 945 (Fla. 3d DCA 1998).
Thereafter, the defendant moved for post-conviction relief, alleging, inter alia, that his trial counsel was ineffective for misadvising him on his sentence. The trial court held an evidentiary hearing, where both the defendant and his trial counsel testified.
The evidence revealed that, in exchange for a guilty plea, the State had offered to reduce the charge to second degree murder and recommend a sentence of eighteen years in prison. Defense counsel admitted he initially advised the defendant that a first-degree murder conviction carried a sentence of life with a possibility of parole after twenty-five years.
During the trial, however, defense counsel learned that the sentence for first degree murder was life with no possibility of parole. Defense counsel so advised the defendant and the trial court. The trial judge stated “I think as to him it’s the 25 year minimum man.” At that point, however, the defendant indicated he wanted to proceed with the trial.
Thus, the trial court found that the defendant was correctly advised of the possible sentence during the trial and still elected to proceed to trial. Accordingly, the trial court denied the defendant’s motion for post-conviction relief. This Court affirmed the denial of post-conviction relief. Burke v. State, 833 So.2d 139 (Fla. 3d DCA 2002).
Subsequently, the defendant filed three unsuccessful challenges to the denial of his post-conviction relief motion. This Court affirmed the trial court each time. Burke v. State, 955 So.2d 579 (Fla. 3d DCA 2007); Burke v. State, 901 So.2d 129 (Fla. 3d DCA 2005); Burke v. Crosby, 858 So.2d 1059 (Fla. 3d DCA 2003).
Most recently, the defendant filed this petition for writ of habeas corpus, claiming manifest injustice based on the trial court’s misadvice about the sentence. The trial court denied the petition on the ground *654 that the issue had been litigated previously and ruled on.
On appeal, the State asserts the defendant’s claim was litigated previously. The defendant contends that his habeas corpus petition is not a relitigation of previously decided issues. Although he admits that he previously litigated the issue of sentencing misadvice, the defendant claims he did so on a claim of ineffective assistance of counsel, not, as here, on a claim of manifest injustice based on trial court error. We find the distinction makes no difference to the res judicata effect of the trial court’s ruling on the defendant’s first post-conviction relief motion, and affirm.
At the evidentiary hearing, the trial court heard from both the defendant and his defense counsel. Based on this evidence, the trial court found that the defendant chose to proceed to trial even after being advised that he faced life without parole if convicted. Thus, regardless of who initially misadvised him of the sentence, the trial court, as the finder of fact, properly determined that the defendant ultimately understood the sentence he actually faced and, nonetheless, decided to gamble on a jury verdict.
Accordingly, we affirm the denial of ha-beas corpus relief.
Affirmed.